**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CHAD BROWN, Reg. #33153-044,                                                                                    PETITIONER

v.                                            2:13CV00006-JLH-JJV

ANTHONY HAYNES, *Warden,*
*FCI-Forrest City,*                                                                                                           RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### I. BACKGROUND

Chad Brown, by his own account, was a member of the "Black Mafia Family," a large cocaine distribution conspiracy run by Terry and Demetrius Felnory, that operated throughout the United States. (Doc. No. 1.) A grand jury in the Eastern District of Michigan issued a superseding multi-count indictment charging Mr. Brown with one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II), and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956, et seq. (Doc. No. 1.) On April 2, 2007, Mr. Brown pleaded guilty to both counts of the superseding indictment. (*Id.*) On November 15, 2007, he was sentenced to 188 months in the Bureau of Prisons. (Doc. No. 1 at 7.)

Mr. Brown filed the instant 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus on January 14, 2013. (Doc. No. 1.) He claims the Bureau of Prisons (BOP) has denied him due process by wrongfully classifying him as an organizer/leader of the Black Mafia Family. (Doc. 1 at 8.) He argues that this incorrect classification will ultimately prolong his imprisonment and he should be classified as a lieutenant/manager. (Doc. 1 at 5-8.) Through his Petition, Mr. Brown prays the Court instruct the BOP to remove the "organizer/leader" role from his classification. (Doc. 1 at 13.) The

Respondent submitted an Answer (Doc. No. 6) and this case is ready for a decision.

## II. ANALYSIS

Respondent argues that Mr. Brown failed to exhaust his administrative remedies before filing his Petition. The United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). "The benefits from prior administrative review are substantial" and "[t]he procedure must be give an opportunity to succeed." *Id*.

In this case, the record indicates Mr. Brown only filed through the regional appeal level – failing to file an appeal to the General Counsel. (Doc. 6-1.) Mr. Brown argues in his Petition (Doc. 1) and in his Reply in Opposition to Government's Response (Doc. No. 7) that he should be excused from the exhaustion requirement because the BOP prevent him from utilizing the exhaustion procedures. Mr. Brown states he did initiate an appeal to the General Counsel but his appeal was never acted upon. (Doc. No. 7 at 2.) Therefore, on this record, the Court is unwilling to conclude that Mr. Brown's Petition should be dismissed because he failed to exhaust his administrative remedies.

In addition, Respondent argues that Mr. Brown's claims should not be considered a proper § 2241 habeas corpus action because it bears on the conditions of his confinement and not on the execution or length of his federal sentence. The Court agrees. As Respondent points out, Petitioner's assignment to the Greatest Severity Public Safety Factor has no bearing on the length of his sentence. (Doc. No. 6 at 3.)

Finally, there is no due process violation here. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), quoted in *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), and *Sandin v. Conner*, 515 U.S. 472, 480 (1995). Mr. Brown has not established that his assignment to the Greatest Severity Public Safety Factor has subjected him to "atypical and significant" hardship. Additionally, Congress has delegated to the BOP the authority to determine a prisoner's classification and place of confinement to the BOP. See 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification. And a prisoner possesses no liberty interest in a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Hewitt*, 459 U.S. at 466–67; *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224–25, (1976); *Montanye*, 427 U.S. at 242. Accordingly, Mr. Brown has no liberty interest in avoiding the assignment to him of Greatest Severity Public Safety Factor.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

Mr. Brown's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be denied.

IT IS SO ORDERED this 1st day of November, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE